Michael Cirrito, Esq. Corporation Counsel, Village of Hempstead
You have asked whether a full-time village assessor may act as a part-time consultant to the assessment department of a neighboring city.
You have informed us that the Village of Hempstead, located in Nassau County, currently employs a full-time assessor whose duties include assessing property within the village for purposes of calculating the village tax. The assessor was recently appointed as an appraisal consultant to the assessment department of the City of Glen Cove, which is also situated in Nassau County. The consulting work is done on a part-time basis after business hours. You have asked whether the part-time consulting in addition to the village position violates compatibility of office or conflict of interests standards.
Initially we note that the doctrine of compatibility of office applies only to the holding of more than one public office, or more than one position of public employment (People ex rel. Ryan v Green, 58 N.Y. 295
[1874]; 1986 Op Atty Gen [Inf] 131). The part-time appraisal consultant to the City of Glen Cove, as described in your letter, is an independent contractor, and therefore is not subject to the rules governing compatibility of office.
The development of ethics standards to define when private employment is in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806 [1]). Governing bodies of a county, city, town, village and school district are required to adopt a code of ethics, which must include these and other standards (ibid.). A code of ethics may prohibit conduct in violation of ethics standards (ibid.). Local governments are authorized to establish boards of ethics, which render advisory opinions to local officers and employees concerning compliance with standards established by codes of ethics (id., § 808).
Thus, you should review your code of ethics to determine whether the private sector appraisal work is a violation of established standards. If standards are lacking, the county can consider amending the code or enacting a local law to regulate this area.
In our view, there is no potential for a conflict between the duties of village assessor and city appraisal consultant. You have informed us that the assessments performed by the village assessor are for the sole purpose of calculating the village tax. Similarly, appraisal work by the consultant to the city assessment department is used only for calculating taxes imposed by the City of Glen Cove. Although property owners in the Village of Hempstead and the City of Glen Cove pay Nassau County taxes, these taxes are based on independent assessments made by Nassau County's assessors (Real Property Tax Law, §§ 1801-1805; Nassau County Administrative Code, §§ 6-1.0-6-30.0). Accordingly, any assessments made by this individual in his capacity as village assessor will have no effect on assessments made in his other capacity as city consultant, and vice versa. There being no opportunity for this individual's private employment to effect, or be affected by his public duties, we find no basis for a conflict of interests.
We conclude that a village assessor may act as a part-time consultant to a neighboring city's assessment department.